UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JONATHAN LEE RICHES                                                       PLAINTIFF
a/k/a UMAR FAROUK ABDULMUTALLAB
d/b/a BERNARD L. MADOFF

v.                                                    CIVIL ACTION NO. 4:10CV-37-M

THE SPORTING NEWS
a/k/a SPORTINGNEWS.COM *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff initiated this action by filing a handwritten document on his own paper styled "Preliminary Injunction, Temporary Restraining Order, TRO 28 USC 1331." In the caption, he lists the names of 110 Defendants. He claims that he faces "imminent danger and Bodily harm" from each Defendant and that he fears for his life and safety "because of the Sporting News, The Defendants collecti[v]ely and each individual capacity have been harassing me non stop since May 2006." He alleges, "They are trying to get the big story me about my Previous Life that they want to feature me in their magazine." He also alleges that Defendants are defaming his character; have been exchanging sport secrets about him with Sports Illustrated without his consent; and have been using secret bugging devices and lining cameras along the fence at the Lexington Federal Medical Center where he is currently incarcerated in order to "film [him] in their magazine and sell [his] copyrighted rights to Youtube.com." Plaintiff, therefore, seeks a restraining order prohibiting Defendants from producing and distributing his material and from terrorizing him.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Plaintiff has failed to meet this burden.

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff fails to cite to any federal cause of action. While he broadly alleges that Defendants line the fence at Lexington Federal Medical Center to film him in order to sell his "copyrighted rights," he fails to indicate whether any copyrighted material was actually ever sold, by which Defendant(s), when, or any circumstances giving Defendants any "fair notice of what [P]laintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citations omitted). Accordingly, Plaintiff has failed to establish this Court's subject matter jurisdiction under the federal-question statute.

The diversity-of-citizenship statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000 . . . and is between . . . citizens of different states . . . . " 28 U.S.C. § 1332. Here, Plaintiff fails to allege the domicile of any party, and in seeking only injunctive relief, he does not allege the requisite amount in controversy.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require [courts] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the Court will dismiss the action by separate Order pursuant to Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Date:

cc:	Plaintiff, *pro se*
4414.005

3